IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROXANNE E. FOX,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ENVIGO RMS, INC.,<br><br>　　　　Defendant. | Case No. 1:16-cv-03499-RLY-TAB |

## ANSWER TO COMPLAINT

Defendant, Envigo RMS, Inc. ("Defendant"), by counsel, answers Plaintiff's Complaint as follows:

1. The Plaintiff, Roxanne E. Fox, sues Defendant, Envigo RMS, Inc. for age discrimination and her association to a disabled person.

**ANSWER:** Defendant admits Plaintiff asserts claims under the Age Discrimination in Employment Act ("ADEA") and Americans with Disabilities Act ("ADA"), but denies Plaintiff is entitled to any relief.

2. Plaintiff is 70 years old.

**ANSWER:** Defendant admits Plaintiff was born in 1946, but denies any remaining allegations in Paragraph 2 of the Complaint.

3. Defendant hired Plaintiff in 2013 as an Account Executive.

**ANSWER:** Defendant admits its predecessor company hired Plaintiff as an Account Executive in or around 2013. Defendant denies any remaining allegations in Paragraph 3 of the Complaint.

4. Defendant is in the business of laboratory research models and services.

**ANSWER:** Defendant admits that a portion of its business relates to laboratory research models and services, but denies any remaining allegations in Paragraph 4 of the Complaint.

5. Plaintiff worked in the industry for forty (48) years and was highly qualified for the position to which she was hired.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief regarding Plaintiff's allegations regarding her professional experience, and the same are accordingly denied. Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6. Plaintiff enjoyed satisfactory history with the Defendant until April 2015 when Plaintiff began experiencing a serious health condition that affected one or more of Plaintiff's major life activities.

**ANSWER:** Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Despite Plaintiff's condition, Plaintiff was still able to perform the essential functions of her job.

**ANSWER:** Paragraph 7 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 7 of the Complaint.

8. In July 2015, Plaintiff's son – who also suffers from a covered disability – texted Plaintiff to inform her of his intention to commit suicide.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and the same are accordingly denied.

9. Plaintiff informed her supervisor (Christine Reaves) of the situation.

**ANSWER:** Defendant admits Plaintiff informed Reaves about concerns she had with her son in or around August 2015. Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

10. Defendant was extremely negative.

**ANSWER:** Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant said Plaintiff should go to counseling.

**ANSWER:** Defendant denies the allegations in Paragraph 11 of the Complaint.

12. After that, Reaves started berating Plaintiff and nitpicking her work performance.

**ANSWER:** Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Notwithstanding Reaves' criticism, the company gave Plaintiff a raise in October 2015.

**ANSWER:** Defendant admits Plaintiff and other employees received a company-wide salary increase in October 2015, but denies any remaining allegations in Paragraph 13 of the Complaint.

14. Then, in November 2015, and after extensive testing, Plaintiff's doctors were finally able to diagnose my condition, which is a disability covered by both the ADA-AA and the FMLA.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and the same are accordingly denied.

15. When Plaintiff informed Reaves and her Human Resource Manager (Jason Clevenger) about her condition.

**ANSWER:** Paragraph 15 contains an incomplete sentence and does not include a factual allegation, thus no response is required. To the extent a response is required, Defendant denies any allegation contained in Paragraph 15 of the Complaint.

16. HR's response was "I don't want to know anything about your health."

**ANSWER:** Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Meanwhile, Reaves' harassment escalated. For example, Reaves accused Plaintiff of having a faulty memory, mispronouncing words, and not being familiar with her products. Reaves told Plaintiff she "needed someone aggressive for this territory," insinuating Plaintiff wasn't "aggressive enough." Her comments made Plaintiff feel as though she was targeting Plaintiff because of Plaintiff's age and health.

**ANSWER:** Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Reaves also started altering Plaintiff's schedule in a way that she knew would reduce Plaintiff's revenues.

**ANSWER:** Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant placed Plaintiff on a Performance Improvement Plan on November 16, 2015.

**ANSWER:** Defendant admits the allegations in Paragraph 19 of the Complaint.

20. Defendant timed the PIP in a way that would prevent compliance.

**ANSWER:** Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant sought to force Plaintiff to leave her job.

**ANSWER:** Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Another older worker (age 73) left the company because he felt he would be pushed out also.

**ANSWER:** Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Plaintiff complained to HR about Reaves' conduct, but Defendant did not take any corrective action.

**ANSWER:** Defendant admits Plaintiff reported concerns with Reaves in or around November 2015, but denies the remaining allegations in Paragraph 23 of the Complaint.

24. On January 22, 2016, Plaintiff was notified that she would be terminated, effective February 22, 2016.

**ANSWER:** Defendant admits the allegations in Paragraph 24 of the Complaint.

25. The given reason Plaintiff's termination was poor performance.

**ANSWER:** Defendant admits it terminated Plaintiff's employment for poor performance. Defendant denies any remaining allegations in Paragraph 25 of the Complaint.

26. Plaintiff was terminated because of her age and because of her association with someone suffering from a covered disability (my son).

**ANSWER:** Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant violated the rights afforded to Plaintiff by the Americans with Disabilities Act, as amended, 42 U.S.C. § 1201, et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.

**ANSWER:** Defendant denies the allegations in Paragraph 27 of the Complaint.

28. The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

**ANSWER:** Defendant admits this Court has jurisdiction over this matter, but denies Plaintiff is entitled to any relief.

**Count I – Age Discrimination (ADEA)**

29. Plaintiff reincorporates paragraphs 1 through 28 as if fully stated herein.

**ANSWER:** Defendant reincorporates its responses to Paragraphs one (1) through twenty-eight (28) as if fully stated herein.

30. Defendant has over twenty employees.

**ANSWER:** Defendant admits the allegations in Paragraph 30 of the Complaint.

31. Defendant is an enterprise engaged in commerce.

**ANSWER:** Defendant admits the allegations in Paragraph 31 of the Complaint.

32. Defendant was Plaintiff's employer.

**ANSWER:** Defendant admits it employed Plaintiff from on or around June 1, 2013, to on or around February 22, 2016. Defendant denies any remaining allegations in Paragraph 32 of the Complaint.

33. Defendant terminated Plaintiff, because of her age.

**ANSWER:** Defendant denies the allegations in Paragraph 33 of the Complaint.

Wherefore, Plaintiff demands trial by jury, back pay, liquidated damages, attorneys' fees and costs.

**ANSWER:** Defendant admits Plaintiff requests damages and a trial by jury for her claims in this matter, but denies Plaintiff is entitled to any relief.

**Count II – Associated Discrimination (ADA-AA)**

34. Plaintiff incorporates paragraphs 1 through 28 [*sic*] as if fully stated herein.

**ANSWER:** Defendant reincorporates its responses to Paragraphs one (1) through thirty-three (33) as if fully stated herein.

35. Defendant was Plaintiff's employer.

**ANSWER:** Defendant admits it employed Plaintiff from on or around June 1, 2013, to on or around February 22, 2016. Defendant denies any remaining allegations in Paragraph 35 of the Complaint.

36. Defendant employs over 15 employees.

**ANSWER:** Defendant admits the allegations in Paragraph 36 of the Complaint.

37. Defendant discriminated against Plaintiff because Plaintiff's son suffered from a disability.

**ANSWER:** Defendant denies the allegations in Paragraph 37 of the Complaint.

Wherefore, Plaintiff demands trial by jury, back pay, compensatory damages, punitive damages, attorneys' fees and costs.

**ANSWER:** Defendant admits Plaintiff seeks damages and requests a trial by jury for her claims in this matter, but denies Plaintiff is entitled to any relief.

## GENERAL DENIAL

To the extent any allegations in the Complaint remain unanswered, Defendant hereby denies the same and denies Plaintiff is entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred to the extent they exceed the scope of her Charge of Discrimination.

3. Plaintiff's claims are barred to the extent she relies on events that occurred more than 300 days before she filed her Charge of Discrimination with the EEOC.

4. Defendant's actions regarding Plaintiff's terms and conditions of employment were based on legitimate, non-discriminatory business reasons and were taken without regard to any protected classification or activity by Plaintiff.

5. Defendant's actions regarding Plaintiff's terms and conditions of employment were made in good faith and without malice, deliberate indifference, bad faith, or reckless disregard of any of Plaintiff's legal rights.

6. Plaintiff received equal or more favorable treatment than other similarly situated individuals.

7. To the extent Plaintiff establishes her age, disability, or associated disability in any way motivated Defendant's actions regarding her terms and conditions of employment, Defendant would have taken the same actions regardless of Plaintiff's protected status(es).

8. Defendant reserves the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.

WHEREFORE, Defendant Envigo RMS, Inc., denies Plaintiff is entitled to the demanded relief and respectfully requests Plaintiff take nothing by way of her Complaint and that Plaintiff's Complaint be dismissed in its entirety and with prejudice.

Respectfully submitted,

*/ s / Emily L. Connor*
Alan L. McLaughlin (#10182-49)
Emily L. Connor (#27402.49)

*Attorneys for Defendant*

LITTLER MENDELSON, P.C.
111 Monument Circle, Suite 702
Indianapolis, IN 46204
Telephone: 317.287.3600
Facsimile: 317.636.0712
E-mail: amclaughlin@littler.com
econnor@littler.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February, 2017, I filed a copy of the foregoing *Answer to Complaint* electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>Bernard R. Mazaheri
>Morgan & Morgan
>bmazaheri@forthepeople.com

>*/ s / Emily L. Connor*
>Emily L. Connor

Firmwide:144817279.1 088278.1003